In December, 2012, the Sex Offender Registry Board (board) issued a final decision classifying the plaintiff, John Doe No. 368861, as a level two sex offender. The plaintiff timely sought judicial review, and in December, 2013, a Superior Court judge entered judgment on the pleadings, affirming the classification. The plaintiff timely filed a notice of appeal; his appeal was docketed in this court in April, 2014.
After the appeal had been fully briefed, the appeal was stayed pending the Supreme Judicial Court's consideration of Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297 (2015) (Doe No. 380316 ). After the decision in Doe No. 380316 was issued, "conclud[ing] that sex offender risk classifications must be established by clear and convincing evidence in order to satisfy due process," ibr.US_Case_Law.Schema.Case_Body:v1">id. at 314, the board offered the plaintiff a new classification hearing. Subsequently, the board promised the plaintiff that his registry information would not be subject to Internet publication even if he remained a level two offender. See Doe, Sex Offender Registry Bd. No. 326573 v. Sex Offender Registry Bd., 477 Mass. 361, 362 (2017). The plaintiff declined a new hearing and instead elected to pursue the claims raised in his July, 2014, appellate brief.
The plaintiff makes two claims on appeal. First, he maintains that he should be relieved entirely from his obligation to register as a sex offender because his triggering offense, attempted kidnapping of a child, G. L. c. 265, § 26, although defined as a "sex offense" under G. L. c. 6, § 178C, was not "sexual in nature." He is therefore entitled to relief from registration, he argues, because requiring him to register as a sex offender would violate the board's rules as in effect at the time of his classification, see 803 Code Mass. Regs. § 1.06(2)(b) (2004),[1] as well as his substantive due process rights. Second, he contends that the evidence did not support his classification as a level two sex offender.
The plaintiff's claim for relief from registration has evolved since he first asserted it in 2012, prior to his classification hearing. Before the board, he claimed that the attempted kidnapping "never happened," and that the allegations against him, "even if taken as true, [did] not make out the crime of attempting kidnapping." (He made these assertions despite having pleaded guilty to the very offense.) Accordingly, he argued, he was entitled to relief from registration because he did not pose a current risk to vulnerable populations.[2] The hearing examiner rejected this claim.
In Superior Court, the plaintiff no longer denied the offense, but instead claimed for the first time that the offense was not "sexual in nature," warranting relief from registration under 803 Code Mass. Regs. § 106(2)(b). The plaintiff conceded in his brief that he was raising a substantive due process claim, premised on his argument that the underlying kidnapping charge was not sexual in nature, for the first time in this appeal, although new counsel at oral argument retracted that concession.
We decline to address issues raised for the first time on appeal that have never been squarely presented to the board. See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 57-58 (2010) (plaintiff waived claim that he did not meet statutory definition of "sex offender" by failing to raise it during agency proceedings). We consider it especially appropriate to observe this general rule of appellate procedure because of two events that have occurred during the pendency of this appeal, vastly altering the legal landscape. First, as noted, the Supreme Judicial Court decided Doe No. 380316, supra, changing the standard the board must apply to its classification decisions. Second, counsel for the board informed us that the board has recently rewritten its regulations. See 803 Code Mass. Regs. §§ 1.01 - 1.35 (2016). See also Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602, 608-609 (2013) (noting that board's risk-factor regulations had last been updated in 2002 and exhorting board to ensure its regulations are informed by current state of scientific knowledge).
Given these developments, we conclude it is prudent to vacate the plaintiff's classification and remand the matter for a new hearing in which the board can review the facts under its new regulations and under the new standard required by Doe No. 380316. The plaintiff is free to present his now fully developed substantive due process claim for the board to consider in the first instance. In addition, the plaintiff is free to argue that his conduct in the past five years demonstrates that he now poses little or no risk of reoffense. The remand will provide the plaintiff the opportunity to argue-based on the updated regulations and the new, more favorable "clear and convincing" standard-that he should not be compelled to register.
Accordingly, we vacate the judgment affirming the board's designation of petitioner as a level two sex offender. We remand the matter to the Superior Court for entry of an order requiring the board to return the plaintiff to unclassified status and conduct a new classification proceeding.
So ordered.
Vacated and remanded.

The panelists are listed in order of seniority.

This version of 803 Code Mass. Regs. § 1.06(2) in effect in 2012, at the time of the plaintiff's classification, provided as follows:
"A sex offender shall be required to register if the Board determines that the following four criteria apply:
"(a) his criminal history indicates at least one conviction or adjudication for a sex offense as defined in M.G.L. c. 6, § 178C ;
"(b) the offense was sexual in nature;
"(c) he lives, works, or attends an Institution of Higher Learning in the Commonwealth; and
"(d) he currently poses a danger."

We note that his claim before the board evoked 803 Code Mass. Regs. § 1.06(2)(d), see supra note 1, and decisional law suggesting that it would violate due process under the Massachusetts Declaration of Rights to compel someone to register "where the record would establish 'that Doe poses no risk at all [of reoffense].' " Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 785 (2008), quoting from Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 762 (2006).